Nov. Term, 1840.

M'Coombs
v.
Tuttle.

*Saturday, November 28.*

---

M'Coombs *v.* Tuttle.

If the libel for which a suit is brought be contained in a letter sent by the defendant to the plaintiff, evidence that the letter was in the defendant's hand-writing, and that he had read it aloud in presence of several persons before it was sent, is sufficient to authorize the reading of the letter to the jury.

Although the libel read in evidence contain matter in addition to that set out in the declaration, there is no variance if the additional part do not alter the sense of that which is set out.

ERROR to the *Clark* Circuit Court.

*Saturday, November 28.*

Sullivan, J.—This was an action by *Tuttle* against *M'-Coombs* for a libel. The declaration alleged the libellous matter to be contained in a letter written and published by *M'Coombs,* and to be as follows, viz. " Mr. *Enos Tuttle*— After my respects to you, I would just inform you that you are a grand liar and a grand rascal, and deserve to come to the whipping-post or gallows."—Plea, not guilty. Verdict and judgment for the plaintiff.

At the trial in the Circuit Court, the plaintiff, to prove the publication of the libel, offered in evidence a letter which contained, in addition to the matter set out in the declaration, the following sentence, " We can forgive you the cost, but

mind you I have the note yet and will keep it until you pay the costs. Yours, &c." It was proved that the letter was in the hand-writing of *M'Coombs*. A witness also testified that he was at the house of *M'Coombs* in the year 1838, and heard *M'Coombs* read a letter to *Tuttle*, the contents of which were similar to those of the letter offered in evidence, and that he had no doubt of its being the same letter; that several persons were present when he read it, and after reading it aloud, the witness saw him fold the letter and send it by a messenger to *Tuttle*. The Court then permitted the letter to be read to the jury, to which the defendant excepted.

The defendant asked the Court to instruct the jury, that unless they believed that the libel was published before it came to the hands of the plaintiff, they ought to find for the defendant. The Court refused the instruction as asked, but instructed the jury that the law required proof of publication by the defendant; that a publication by the plaintiff would not be sufficient; and that if they should find there was no other publication of the letter than by the plaintiff himself, they should find for the defendant. To the opinion of the Court refusing the instruction asked, and to the instructions given, the defendant excepted.

The publication of a libel is usually a matter of fact to be tried by the jury. It is not necessary that there should be direct proof of publication; any fact established to the satisfaction of a jury from which it may be inferred, will be sufficient. As where the plaintiff proves that the libel published is in the hand-writing of the defendant, he has, if the county be not material, made out such a *prima facie* case as entitles him to have the contents read in evidence. So, buying a libel in the shop of a bookseller is sufficient evidence, *prima facie*, to convict him of publication. *Rex* v. *Bear*, 2 Salk. 417.—*Rex* v. *Almon*, 5 Burr. 2686.—Stark. Ev. tit. Lib. & Sland. Such testimony, it is true, will not be conclusive, but it will throw upon the defendant the necessity of showing his innocence. At the trial of this cause in the Circuit Court, the letter containing the libellous matter was proved to be in the hand-writing of the defendant, and it was further proved to have been publicly read by the defendant before it was

transmitted to the plaintiff. All this was undoubtedly proper evidence to go to the jury, as it tended to prove the fact of publication by the defendant.

Nov. Term, 1840.

It is insisted that there was a variance between the libel set out in the declaration, and the writing offered in evidence; and that the latter should, for that reason, have been rejected. This objection is not tenable. The plaintiff does not profess to set out in his declaration the libel by its tenor, and the part omitted is not descriptive of the part set out in the declaration, nor does it in any wise alter the sense, or explain the meaning of it. There is therefore no variance. But if the plaintiff by selecting a portion of the libel, had altered the sense or changed the meaning of the publication, there would have been a fatal variance. *Tabart* v. *Tipper*, 1 Camp. 350.—*Metcalfe* v. *Williams*, 3 Litt. R. 387.—*Rex* v. *Bear*, *supra.*

The instructions asked by the defendant were, we think, substantially given by the Court, and there is nothing on that point of which he can complain.

*Per Curiam.*—The judgment is affirmed, with *3 per cent.* damages and costs.

*A. C. Griffith*, for the plaintiff.

*J. G. Marshall*, for the defendant.