Nov. Term,<br>1844.<br><br>WORTH<br>v.<br>BUTLER.

---

## WORTH *v.* BUTLER.

Words charging a woman who was never married with having had a child and buried it in the garden, amount to a charge of fornication, and are therefore actionable by statute.

In an action of slander brought in this state for such words, it will be presumed, until the contrary be proved, that the words were spoken in this state.

When the words charged are *prima facie* actionable, no averment of extrinsic facts is necessary.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by *Fanny Butler* against *Andrew Worth.* The declaration states that the plaintiff is and always has been an unmarried woman; that she had never been suspected of being guilty of fornication; that the defendant, on, &c., at said county, contriving, &c., in a certain discourse, &c., falsely and maliciously spoke and published of and concerning the plaintiff, who is and always has been an unmarried woman, the false, malicious, and defamatory words following, viz.: "I (the defendant meaning) have heard that Miss *Fanny Butler* (the plaintiff meaning) has had a child, and buried it in the garden four or five years ago." "I (the defendant meaning) have

*Tuesday,*<br>*November 26.*

heard that Miss *Fanny Butler* (the plaintiff meaning) has had a little one, and .buried it at the back of the garden four or five years ago ;" (meaning and intending that the plaintiff had been delivered of a bastard child, and had been guilty of fornication.) By means whereof, &c. Plea, the general issue. There are also two special pleas, one of which was demurred to, but a particular notice of them is unnecessary. Verdict and judgment for the plaintiff; motion for a new trial overruled ; and judgment on the verdict.

The defendant asked the Court to instruct the jury, that the plaintiff must prove that the words were spoken in this state, or of and concerning the plaintiff then resident in this state, or she cannot recover. This instruction was rightly refused. The defendant's argument is, that the words, if actionable at all, are only actionable here by statute ; and that, therefore, unless they were spoken in this state, or of a person resident here, they are not actionable. The answer to this is, that the words must be presumed to have been spoken in this state where the suit was brought, until the contrary be proved. The case of *Stout* v. *Wood*, 1 Blackf. 71, relied on by the defendant, does not apply. In that case, the words charging the plaintiff with fornication, were proved to have been spoken in the state of *Ohio*. The defendant asked another instruction to the jury which was irrelevant, and was correctly refused. .

It is contended that the declaration, without averring some extrinsic facts to which the slander applied, is insufficient ; but we are not of that opinion. If the words are *prima facie* actionable, no averment of extrinsic facts was necessary. We consider the words in this case to amount to a charge against the plaintiff of fornication ; and if that is their meaning, they are actionable by statute. R. S. 1838, p. 452.

The verdict is objected to on the ground that the averment of the plaintiff's being unmarried was not proved. In this, however, the defendant is mistaken. The record shows the objection to be untenable.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*H. Cooper*, for the plaintiff.

*W. H. Coombs* and *R. Brackenridge*, for the defendant.

GODFROY and Others *v.* CUSHMAN and Others.

GODFROY
v.
CUSHMAN.

*A.* purchased at the land-office a tract of land, and took a duplicate receipt for the purchase-money, and then sold and assigned the certificate of purchase to *B.*, retaining the duplicate receipt. Afterwards *A.*, being in possession of the land, sold the same to *C.*, and gave him a bond conditioned for a conveyance at a future time. *Held,* that *A.'s* retaining the duplicate receipt, did-not affect *B.'s* priority of claim to the land.

SULLIVAN, J.—The bill in this case was originally filed in the *Allen* Circuit Court, by *James G. Godfroy* against the present defendants, to compel the conveyance of a tract of land, the title to which, it is alleged, the defendants fraudulently obtained. In consequence of the interest of the circuit judge, the cause was certified to this Court. After bill filed, and before the defendants answered, *James G. Godfroy* died, and the suit was revived in the names of the present complainants. The bill states that on the 9th of *March,* 1833, one *Joseph M'Kee* purchased of the *United States,* at the land-office at *Fort Wayne,* the tract of land described in the bill, and that a duplicate receipt for the purchase-money was issued to him according to law; that *M'Kee* took possession of the land, and cultivated it until the spring of the year 1834, when he sold it to the said *James G. Godfroy* for the sum of 100 dollars, and executed to him a bond for the conveyance of the title in twelve months; that *Godfroy* took possession of the land, and kept it until sometime in the year 1835; that *M'Kee* died in the year 1834 intestate and insolvent, without having made a deed to *Godfroy* for the land, or without having obtained a patent for the same himself. The bill further states that sometime in the year 1834, after the death of one *Benjamin Cushman,* there was found, among the papers of said *Cushman,* an assignment of the certificate of purchase for said land from *M'Kee* to said *Cushman,* dated on the 9th of *March,* 1833, acknowledged before the receiver of public moneys at the land-office at *Fort Wayne.* The bill alleges that said assignment was fraudulent and void; that it was privately made and designedly kept secret; that the said duplicate receipt was not delivered to *Cushman,* nor was he put into possession of the land; that there was no indorsement made on said duplicate of the receipt of the

*Wednesday,
November 27.*

Nov. Term,
1844.

GODFROY
v.
CUSHMAN.

purchase-money from said *Cushman*, &c. The bill further alleges, that, since the death of *Cushman*, and since the death of *M'Kee*, the heirs of *Cushman* have obtained a patent for the land, and have dispossessed the complainants. The heirs of *M'Kee* and the heirs of *Cushman* are made defendants to the bill.

*Elizabeth M'Kee*, an infant, answers by her guardian, and disclaims all knowledge of the matter stated in the bill, and throws herself on the protection of the Court. *Henry Cushman* and *William Cushman*, heirs of *Benjamin Cushman*, deceased, also answer, and deny that the assignment of the land certificate by *M'Kee* to their father was fraudulent. They say that *M'Kee* was indebted to their father a large sum of money, part of which was money lent to purchase the land in controversy, and that the assignment was made to secure that debt. They say that *Godfroy* had notice of the assignment to their father before he purchased from *M'Kee*, and that *M'Kee* having died without redeeming the land, they applied for and obtained a patent, &c.

*H. Cooper*, for the complainants.

*D. H. Colerick* and *W. H. Coombs*, for the defendants.