May Term, 1847.

STUCKER
v.
DAVIS.

*J. Pettit* and *S. A. Huff*, for the defendants.

---

STUCKER *v.* DAVIS.

The *innuendoes* in a declaration in slander should be warranted by the previous allegations.

ERROR to the *Bartholomew* Circuit Court.

BLACKFORD, J.—Slander. The declaration, so far as it is necessary to state it, alleges that a certain horse belonging to the defendant 'had been stolen, and that he, the defendant, in a conversation with divers persons of and concerning the plaintiff and of and concerning said larceny, falsely and maliciously spoke and published of and concerning the plaintiff and of and concerning said larceny the false, scandalous, and defamatory words following, to wit, I (meaning defendant) know who has my horse (meaning the horse so as aforesaid stolen); and he (the plaintiff meaning) has my horse. I (defendant meaning) have sent a company of men down there (meaning to the neighbourhood of *Tannehill's* mills and the plaintiff's house) to make search (meaning to search for the horse so as aforesaid stolen from the defendant), and I (the defendant meaning) verily believe he (the plaintiff meaning) has my horse. (Thereby meaning that the plaintiff had stolen the defendant's horse.)

General demurrer to the declaration, and judgment for the defendant.

It is necessary in these cases that the *innuendoes* should be warranted by the previous allegations in the declaration. The words now before us, viz., that the plaintiff had the defendant's horse, cannot be fairly considered to signify, with the assistance of the prefatory allegations and *colloquium*, that the plaintiff had stolen the defendant's horse. The consequence is, that the declaration is bad on demurrer.

*Per Curiam.*—The judgment is affirmed with costs.

*A. A. Hammond* and *H. H. Barbour*, for the plaintiff.

*W. Herod* and *L. F. Coppersmith*, for the defendant.