JONES v. DIVER.

SLANDER.—To say of a physician that, "in my opinion the bitters that *A* fixed for *B* were the cause of his death," is not actionable *per se*, and such words do not, in their usual sense, import a charge of murder.

SAME.—But the words, pleaded with a proper colloquium, that "the bitters that *Dr. Diver* gave to *John Smith* caused his death; there

was poison enough in them to kill ten men," are actionable *per se*, because they imply a charge of gross misconduct and complete unfitness of the physician to be employed in his profession. Where words spoken of a professional man only impute ignorance or want of skill in a particular case, they are actionable only where they cause special damage.

APPEAL from the *Tipton* Circuit Court.

PERKINS, J.—*John C. Diver* sued *Matthew M. Jones* for slander.

The complaint contained two paragraphs. The first averred that the defendant said of the plaintiff, "in my opinion the bitters that *Diver* fixed for *Smith* were the cause of his death;" and the paragraph averred that *Jones* used the words in a criminal sense, intending to charge *Diver* thereby with the murder of *Smith,* and that so the hearers understood, &c.

The words do not, in their usual sense, import a charge of murder; and there is no colloquium showing that they were used in a conversation about *Smith* as having been murdered, &c., so as to give the words a particular signification as used in the given case. There should have been, to render the paragraph valid as charging slander, *per se*, of an individual, simply as such. The paragraph was bad upon demurrer. *Dodge* v. *Lacey*, 2 Ind. 212; *Stucker* v. *Davis*, 8 Blackf. 414. The second paragraph of the complaint averred that the plaintiff, *Diver*, was a practicing physician, living upon his professional earnings; that as such, he attended upon and administered to *Smith*, a sick patient; that he gave him a liquid preparation, as medicine; that he died under the attendance; and that, maliciously, &c., speaking of such attendance, medicine and death, *Jones*, the defendant, in the presence, &c., to injure, &c., said "the bitters that *Dr. Diver* gave to *John Smith* caused his death. There was poison enough in them to kill ten men." The paragraph averred special damage in the loss of practice, but did not specify particulars.

Jones *v.* Diver.

This paragraph was good upon demurrer; but, on motion, the allegations as to special damage, might have been made more certain by specification of patrons lost, &c.

There were issues of fact, trial and judgment for plaintiff for 250 dollars.

There being one good paragraph in the complaint, it will support the judgment. We have said that the second paragraph of the complaint was sufficient. It complains of a charge made against the plaintiff as a physician; made against him touching an act performed in the practice of a profession which he follows for a livelihood, and for services in which he is entitled to compensation. The charge was not made upon a justifiable occasion, as in giving testimony, or information in a proper case. And charges against a professional man, as such, calculated to destroy his business, may be actionable, *per se*. *Craig* v. *Brown*, 5 Blackf. 44. It was held in *Fost* v. *Brown*, 8 John. Rep. 64, that when words used, only impute ignorance or want of skill in a particular case named, they are actionable only when they cause special damage; and in the case at bar special damage is alleged; but it is held in *Lecor* v. *Harris*, 18 Barb. Rep. 425, that the charge of gross misconduct professionally in a particular case may be actionable *per se*, as clearly implying an unfitness of the malpractitioner for general employment in his profession. In the case last cited, the later authorities are collected, and they support the ruling there made.

Words actionable *per se* are not confined to such as charge crime or whoredom. *Nichols* v. *Guy*, 2 Ind. 82.

It is urged by the appellant that the evidence does not support the judgment; but the evidence certainly tends to prove the second paragraph of the complaint, both as to the words charged, and the circumstances under which they are alleged to have been used. Where such is the fact in a case, the appellate Court feels bound to respect the finding of the

jury, and the judgment of the Court below as. to. the question of proof.

*Per Curiam.*—The judgment below is affirmed, with 5 per cent. damages. and costs.

*N. B. Linsday* and *John Green*, for the appellant.

*Joseph E. McDonald* and *A. L. Roache*, for the appellee.