## HART *v.* COY ET UX.

SLANDER.—*Pleading.*—*Inducement.*—*Innuendo.*—In an action for slander, the complaint must allege, by way of inducement, extrinsic matter, only when the language published does not *per se* refer to the plaintiff, or convey the meaning for which the plaintiff contends, or is equivocal and requires explanation by some other matter to show its relation to the plaintiff and make it actionable. Mere innuendoes cannot enlarge the meaning of words, or supply the place of the inducement. The code has not changed this rule.

SAME.—*Words.*—The words, "I" (defendant meaning) "have seen women steal yarn before," in the absence of any inducement to the paragraph in which they are alleged, are not slanderous in themselves.

APPEAL from the Delaware Circuit Court.

DOWNEY, J.—The appellees sued the appellant for slander of the female plaintiff, the plaintiffs being alleged to be husband and wife. The complaint consisted of five paragraphs. The defendant demurred to each paragraph of the complaint, and to each set of words separately. These demurrers having been overruled, he pleaded the general denial. A trial by jury resulted in a general verdict for the plaintiffs, with answers to certain interrogatories propounded by the court at the instance of the defendant, in which the jury stated that they found on the fourth paragraph of the complaint, and that the set of words which they found to have been spoken was the second set in that paragraph, to wit, "I have seen women steal yarn before."

The defendant moved the court for a new trial, which motion was overruled, and final judgment rendered for the plaintiffs.

The errors assigned are, first, overruling the demurrer to the whole complaint; second, overruling the demurrer to the first paragraph of the complaint; third, overruling the demurrer to the second paragraph of the complaint; fourth, overruling the demurrer to the third paragraph of the complaint; fifth, overruling the demurrer to the fourth paragraph of the complaint; sixth, overruling the demurrer to the fifth paragraph of the complaint; seventh, overruling

the demurrer to the first set of words in the fourth para-graph of the complaint; eighth, overruling the demurrer to the second set of words in the same paragraph; ninth, over-ruling the demurrer to the first set of words in the fifth paragraph of the complaint; tenth, overruling the demurrer to the second set of words in the same paragraph of the complaint; eleventh, overruling the demurrer to the third set of words in the same paragraph of the complaint; twelfth, overruling the demurrer to the fourth set of words in the same paragraph of the complaint; thirteenth, over-ruling the motion for a new trial; and, fourteenth, the judg-ment ought to have been for the defendant.

It would serve no useful purpose for us to consider the rulings on any of the demurrers, except that to the second set of words in the fourth paragraph of the complaint, the set on which the finding of the jury is predicated. If all the other rulings were wrong, and this one was right, the judgment should not therefore be reversed. The fourth paragraph of the complaint is as follows:

Par. 4. And the plaintiff avers and charges that defend-ant, in another conversation, had on the same day of the transaction stated in the first paragraph, while plaintiff with other ladies was standing on the street in front of defend-ant's store, the defendant, in said conversation, to and of the plaintiff, and of and concerning plaintiff's character, uttered, spoke, and published, and declared these other false, scandal-ous, malicious, and defamatory words, that is to say: "I" (defendant meaning) "saw you" (plaintiff meaning) "take the yarn." 2d set. And again, these words: "*I*" (defendant meaning) "*have seen women steal yarn before;*" then and there, and thereby, meaning that the plaintiff had been, and was, guilty of larceny, and so understood by the persons who heard defendant so speak, to wit, at the county aforesaid.

We have italicized the words which the jury found to have been spoken. Are these words, taken in connection with the allegations of the complaint, actionable? They are clearly not so *per se*. There is no reference to any preced-

ing paragraph which can help this one, if such can be the case in any instance. The only reference is found in the statement, that the speaking of the words mentioned in this paragraph was "in another conversation had on the same day of the transaction stated in the first paragraph." There is no inducement to the paragraph in question, without which we think it is not sufficient. It is the office of the inducement to narrate the extrinsic circumstances which, coupled with the language published, affects its construction, and renders it actionable; when standing alone, and not thus explained, the language would appear either not to concern the plaintiff, or if concerning him, not to affect him injuriously. This being the office of the inducement, it follows that if the language published does not naturally and *per se* refer to the plaintiff, nor convey the meaning which the plaintiff contends for, or if it is ambiguous or equivocal, and requires explanation by some extrinsic matter to show its relation to the plaintiff and make it actionable, the complaint must allege, by way of inducement, the existence of such extrinsic matter. When, however, the language published is actionable *per se*, when there is no ambiguity, either in respect to the person whom the language concerns, or in respect to the actionable quality of the language, no inducement is necessary. Hence it will be perceived that an inducement is not essential to the sufficiency of a statement of a cause of action in every case, but in those cases only where, without the facts contained in the inducement, the publication would not naturally and *per se* refer to the plaintiff, nor convey the meaning which the plaintiff contends for, nor be construed as actionable. Townshend Slander and Libel, sec. 308 ; *Hays* v. *Mitchell,* 7 Blackf. 117 ; *Worth* v. *Butler,* 7 Blackf. 251 ; *Rodebaugh* v. *Hollingsworth,* 6 Ind. 339 ; *Linville* v. *Early-wine,* 4 Blackf. 469.

There is no allegation in the paragraph in question that any larceny of yarn had been committed by any one, or that the words were spoken with reference to any such crime. Mere innuendoes cannot enlarge the meaning of the words

or supply the place of the inducement. *Ward* v. *Colyhan*, 30 Ind. 395.

The code has not changed the rule as to the necessity for an inducement where the words are not actionable in themselves. The forms in the code are sufficient only in cases where the words are actionable *per se*. *Ward* v. *Colyhan*, 30 Ind. 395. We have now disposed of the first twelve specifications in the assignment of errors.

We do not think it necessary, in the present condition of the record, to examine the questions arising under the other assignments of error.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant leave to amend the complaint, if desired.

*A. Kilgore, R. C. Bell, C. E. Shipley*, and *R. S. Gregory*, for appellant.

*T. J. Sample* and *W. March*, for appellees.