No. 9959.

## WILSON v. McCRORY.

SLANDER.—*Pleading.*—*Complaint.*—A complaint that the defendant spoke concerning the plaintiff the words, " Perry stole my corn (meaning the plaintiff )," is not bad for want of an averment that the conversation was about the plaintiff, and was so understood by the hearer.

SAME.—In order to be slanderous and actionable *per se*, the words spoken need not in themselves constitute a technical charge of a crime.

From the Rush Circuit Court.

*G. H. Puntenney* and *A. B. Irvin*, for appellant.

*W. A. Cullen, B. L. Smith, J. Q. Thomas* and *J. J. Spann*, for appellee.

WOODS, C. J.—Action for slander; judgment for the sum of $75 in favor of the plaintiff, the appellee. The appellant claims that the court erred in overruling his demurrer for want of facts to the second, ninth and tenth paragraphs of the complaint, and in sustaining the motion of the appellee to strike out certain paragraphs of answer. No question is presented upon the latter ruling, because the answers which were stricken out are not made a part of the record. *Berlin* v. *Oglesbee*, 65 Ind. 308.

The objection made to the second paragraph of the complaint is that it is ambiguous in respect to the person concerning whom the words were spoken. The averment is that the defendant " spoke of and concerning the plaintiff the following false and defamatory words: 'Perry stole my corn (meaning the plaintiff).'" It is suggested that Perry is only the Christian name of the plaintiff, and is in common use as such, and consequently that it should have been alleged that the conversation was about the appellee, and was so understood by the hearer. We think the averment sufficient in this respect. The objection to the ninth paragraph is the same, and for the same reason is overruled.

The charge in the tenth paragraph is that " In a certain con-

versation, * * * while speaking of having corn and apples stolen, * * the defendant spoke of and concerning the plaintiff the following false, slanderous and defamatory words, that is to say: 'A week or ten days ago Perry McCrory (plaintiff meaning) came down to my farm with a sack. I watched him (plaintiff meaning), and he (plaintiff meaning) commenced picking up my apples. I hallooed at him (plaintiff meaning), and said, Don't run, I know you (plaintiff meaning). I have been missing my corn, and the same man (plaintiff meaning) who took my apples took my corn.' And the plaintiff avers that by the use of the said words the defendant intended to charge the plaintiff with the crime of larceny, and was so understood by those who were present."

Counsel for the appellant say: " Evidently the defendant had reference to apples and corn that had been stolen before that time, and did not charge the plaintiff with having stolen them, because he says he commenced picking them up. * * If there is no good charge of stealing apples, there is none of stealing corn. * * * It is evident that those apples were in the orchard, on the tree or on the ground. Apples in that condition are not the subject of larceny. It is only a misdemeanor to take them. See 2 R. S. 1876, p. 481, sec. 76."

We consider the paragraph sufficient. It is not necessary that the words spoken shall by themselves constitute a technical charge of a crime, in order to be actionable *per se*. The *colloquium* or introductory averment in this paragraph shows that the words were spoken in a conversation concerning the stealing of corn and apples, and the spoken words are, by proper innuendo, made to apply to the plaintiff; and it is alleged that the defendant, by the use of the words, intended and was understood by the hearers to charge the plaintiff with the crime of larceny. It is not evident that the apples, which the plaintiff should have " commenced to pick up," were not piled in heaps in the orchard, or otherwise in condition to be the subject of larceny; but granting that the reference was to larcenies of corn and apples, or of either, theretofore com-

mitted, enough is averred to show that the defendant intended to charge the plaintiff therewith, and was so understood by those who heard him.

Judgment affirmed, with costs.