No. 10,319.

## SPAITS v. POUNDSTONE.

LIBEL.— *Publication.—Complaint.*—A complaint, alleging that a libel was written and sent by mail to the plaintiff, and showing no further publication, is bad on demurrer.

SLANDER.—*Complaint.*—A complaint which counts upon the fact that the defendant admitted having spoken certain slanderous words is bad; it should allege the speaking of the words so admitted.

From the Marion Circuit Court.

*I. Klingensmith,* for appellant.

*J. C. Green,* for appellee.

MORRIS, C.—The appellant sued the appellee for libel and slander.    The complaint is not long, and is as follows:

"The plaintiff complains of the defendant, and says that on the 19th of October, 1881, the defendant, both orally and in writing, spoke, composed, wrote and published, of and concerning the plaintiff, the following false, wicked, malicious and slanderous words and written slander and libel, of and concerning the plaintiff, as follows, to wit:    She, the defendant, composed, wrote and directed the following written letter, and addressed it to her by due course of mail of the United States, as follows, to wit:

" 'INDIANAPOLIS, INDIANA, October 19th, 1881.

" 'Barley (she, the defendant, meaning the plaintiff), you have stole my watch, this I can prove by good witnesses, and more than that, I can prove it by good friends of yours, that you stole my watch and presented it to your daughter, and that your daughter is now wearing it. I want you to plainly understand that I have just put detectives on your track to hunt this matter up. There is no use of your thinking you can escape the officers, for you will not be able to escape them. So I would say again, you had better express me that watch immediately, and save further trouble. I have sufficient proof in this matter. ROSIE POUNDSTONE.'

" That said letter was addressed to this plaintiff in the name of ' Barley,' being an abbreviation of ' Bearleon,' her middle name; that the plaintiff is known and often called ' Barley,' by reason of which she has been damaged," etc.

" 2d. And the plaintiff, further complaining of the defendant, says, that the said defendant, on or about the 10th day of November, 1881, spoke of and concerning this plaintiff, in the presence and hearing of Thomas J. Breedlove and this plaintiff, the following false, slanderous and defamatory words, viz.: 'I did say to Rebecca McClure that you stole my watch. I did write you letters accusing you (meaning the plaintiff) of stealing my watch. I did circulate reports that you (meaning the plaintiff) stole my watch, and made a present of it to your daughter.' To the damage of this plaintiff," etc.

The appellee demurred separately to each paragraph of the complaint. The court sustained the demurrer, and the appellant declining to amend, final judgment was rendered for the appellee. The ruling of the court upon the demurrer is assigned as error.

We understand the first paragraph of the complaint to charge that the libellous matter contained in the letter therein set forth was published of the appellant by sending the same to her through the mail and not otherwise. It is alleged that

the letter was addressed to the appellant; that it was sent to her through the United States mail, and that she received it. It is not alleged that any one else saw or read the letter. Does the complaint allege a publication? Will a letter, containing libellous matter, sent to the plaintiff by post, support an action? This question was decided in the negative as early as 1724. *Barrow* v. *Lewellin*, Hobart, 62.

In the case of *Lyle* v. *Clason*, 1 Caine, 581, it was held that sending a libellous letter to the plaintiff himself is not a ground for an action by him; that every letter is presumed to be sealed; that in an action for libel contained in a letter addressed to the plaintiff, publication can not be proved by showing that the plaintiff received it.

In the case of *Fonville* v. *McNease*, Dudley (S. C.), 303 (32 Am. Dec. 49), it was held that where a party threw a sealed letter, addressed to the plaintiff, into the enclosure of another, who delivered it unopened to the plaintiff, it was not a publication, even though the plaintiff afterward repeated the contents publicly. *Dellacroix* v. *Thevenot*, 2 Starkie, 63.

Addison says: "Libellous matter contained in a letter addressed to the plaintiff himself, and only delivered into his own hands, is not such a publication of a libel as will support an action." Addison Torts, 1147.

Odgers says: "Merely composing a libel is not actionable unless it be published. And it is no publication when the words are communicated to the person defamed; for that can not injure his reputation. A man's reputation is the estimate in which others hold him; not the opinion which he has of himself. The attempt to diminish our friend's good opinion of himself, though possibly unpleasant to him, is yet generally ineffectual, and is certainly not actionable, unless some one else overhears." Odgers L. & S., sec. 150.

The appellant calls our attention to *Miller* v. *Butler*, 6 Cush. 71; *Kiene* v. *Ruff*, 1 Clarke (Iowa), 482; *McCoombs* v. *Tuttle*, 5 Blackf. 431; 2 Greenl. Ev., section 416.

In the first of the above cases it was shown that Jencks

wrote the libel, and that Butler assisted in its composition. The letter was sent to the plaintiff by mail and received by him. It was held that there was sufficient evidence of a publication. It is obvious that the part each took in the composition and transmission of the letter was a publication in the presence and hearing of the other. The evidence of publication was, therefore, complete as to both.

In the case of *McCoombs* v. *Tuttle, supra,* the letter was publicly read before it was sent, and in *Kiene* v. *Ruff, supra,* the letter was given to a clerk to be copied. The cases, we think, do not support the appellant.

Greenleaf says: "The sending of a letter by the post is a publication in the place to which it is sent." The writer evidently means if sent to a third person.

The sending of a letter, containing a libel, to the party libelled, might be, as it has been somewhat doubtingly held in a few cases, sufficient in a criminal case, because it would tend to provoke a breach of the peace. But, after a careful examination, we have been unable to find a case holding that the sending of a letter containing libellous matter to the party defamed, where no third party hears or reads it, will support a civil action. We think the court did not err in sustaining the demurrer to the first paragraph of the complaint.

Nor do we think the court erred in sustaining the demurrer to the second paragraph of the complaint. The first set of words charged are as follows: "I did say to Rebecca McClure that you stole my watch." These words do not purport to nor do they constitute a present charge of larceny. They simply admit that the appellee had, at some time in the past, charged the appellant with stealing a watch. The admission was probably true; it would be presumed to be true at least, and, therefore, not slanderous. Whether the admission was made in answer to enquiries addressed by the appellant to the appellee, or with a view to withdraw the accusation, or for what purpose, is not expressly alleged. We infer, from the language in which the admission is made, that it was

made in answer to a question put to the appellee by the appellant, and so the counsel on both sides treat it in their briefs. Such an admission would be evidence that the appellee had, at a prior time, spoken the words of the appellant. But the words so admitted to have been uttered by the appellee of the appellant are not declared upon. The complaint counts upon the admission, not upon the words actually spoken. Suppose the appellee had answered as to these words, alleging that the admission was true, would it not have been sufficient?

In the case of *Griffiths* v. *Lewis*, 7 Q. B. 61, the plaintiff, in the presence of a witness, asked the defendant the following question: "Did you say that my son used two balls to the steelyard?" To which the defendant answered: "To be sure I did; it has been carried on for two years"; or as another witness stated, "You have done it for years. I have been told so." PATTESON, J., says: "I grant that, if the defendant had merely acknowledged a statement made by him formerly, that would not have sustained an action, except as evidence of such former statement; but it is different when he goes on to say: 'you have done it for years.' Therefore I think there was no privilege in this case."

"If in answer to such an enquiry the defendant does no more than acknowledge having uttered the words, no action can be brought for the acknowledgment; the party injured must sue for the words previously spoken, and use the acknowledgment as proof that those words had been spoken." Odgers Libel and Slander, 231; *Kine* v. *Sewell*, 3 M. & W. 297; *Fonville* v. *McNease*, *supra*. The other words charged are mere admissions of what had been previously said or circulated.

We think there is no error in the record, and that the judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.