No. 10,385.

POLLOCK v. HASTINGS.

SLANDER.—Words which do not impute a crime are not slanderous *per se,* as "swindler," "cheat," or other words charging fraud.

SAME.—*Complaint.*—Words actionable *per se,* if shown by the complaint to have been spoken and understood of a transaction not criminal, are not actionable, and the complaint is bad on demurrer.

SAME.—*Innuendo.*—Where it appears by the complaint that the words were spoken of a transaction not criminal, their meaning can not, by innuendo, be so enlarged as to make the complaint good.

SAME.—*Special Damage.*—Where recovery is sought for words actionable because spoken of the plaintiff in his special calling or trade, his business must be alleged as a traversable fact.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellant.

*L. H. Haymond* and *L. W. Royse,* for appellee.

ELLIOTT, J.—The complaint of the appellant, omitting the formal parts, is as follows: "On the 15th day of April, 1880, the defendant spoke of and concerning the plaintiff, to and in the presence of Frank McAlpine, John G. Waldo, Nelson R. Galbreath, and other persons resident of said county and State, of and concerning a certain contract that plaintiff had of and from the director of district number nine, in Washington School Township, to Darius Pollock in October, 1879, that is to say, that in October, 1879, that he, said Andrew Pollock meaning, had in October, 1879, at a regular school meeting of the citizens of said district, met for the purpose of selling or letting the contract to the lowest bidder to furnish the wood for said district for the year 1880, to be furnished and delivered at the school-house in said district on or before the first day of April, 1880, and that plaintiff, at said meeting, was the lowest bidder and took said contract, and was to furnish twenty-five cords of good wood to said district for one dollar per cord, and the said plaintiff avers that on the 10th day of April, 1879, as before stated, and while speaking of said contract

Pollock v. Hastings.

and the circumstances connected therewith, as above stated, the defendant then and there, as a part of his said statement of said transaction, well knowing the premises, but maliciously and wilfully and wickedly intending to injure and ruin the plaintiff's fair name and fame for honesty and fair dealing among his friends and neighbors and the community in which he resided, and to deprive the plaintiff of procuring a livelihood by means of procuring such contracts, as a part of the details of said transaction then and there on said day publicly spoke of and concerning the plaintiff the following false, defamatory, and slanderous words, to wit, that is to say, that instead of the plaintiff, Andrew Pollock meaning, delivering good wood, as said contract called for, at said school-house, as above stated, the said Andrew Pollock, plaintiff meaning, had furnished a part of said wood that was worthless and rotten and not fit for use, and that Andrew Pollock, plaintiff meaning, had piled up the ranks with good wood on the outside and rotten and worthless wood on the inside and so covered it up that it could not be seen, and that Andrew Pollock, plaintiff meaning, had so furnished said rotten and worthless wood for the purpose of defrauding school district number nine, by falsely pretending and representing that all of said wood was good; and further, that Andrew Pollock, plaintiff meaning, intended when he took said contract to furnish rotten and worthless wood with the express intention of cheating, swindling and defrauding Samuel Hastings, defendant meaning, and the rest of the citizens of said school district; and the said defendant further said of the plaintiff that he was a swindler; that he was dishonest; that he would defraud any person whenever he could procure an opportunity to do so; that he was a swindler and a cheat. And the plaintiff avers that when the said words were taken together, and at the time and place when and where spoken, they had a provincial meaning, in this, to wit, that when spoken of a person in said district they were understood to mean, among the citizens of said district, that the person thus spoken of was a swindler and a cheat,

and that he would defraud whenever he had an opportunity to do so, and that the person of whom they were spoken would obtain money and chattels by false pretences, and had obtained money and chattels by false pretences; that the said plaintiff was greatly injured and damaged by reason of the speaking of said words, and that said defendant intended to injure the said plaintiff and bring him into disrepute, shame and disgrace, to his great injury and damage in the sum of two thousand dollars."

We have not copied this complaint as a model of good pleading, but for the reason that it is impossible to dispose of the questions arising in the case without setting out all of the averments of the complaint.

The complaint does not set forth any words that are slanderous *per se.* It is not slander *per se* to charge a man with fraud, or to say of him that he is a cheat or a swindler. The defamatory words charged in the complaint can not be deemed to do more than characterize the appellant as a cheat and a swindler; they do not assert that he has been guilty of any crime. There is no charge in any of the language used, that the appellant was guilty of a crime, and, therefore, the words are not actionable *per se.* Odgers Libel & Slander, 53.

If words actionable in themselves are spoken of a transaction which is not a crime, and of which the hearers have full knowledge, they are not actionable. It clearly appears from the statements of the pleading before us that the appellee was speaking of a transaction which did not, as all who heard him knew, constitute a crime, and therefore, even if words descriptive of a crime had been used, there would have been no actionable slander. *Hotchkiss* v. *Olmstead,* 37 Ind. 74 (see authorities, p. 80); Odgers Libel & Slander, 100, *n.*

The allegation in the complaint that the words used had a provincial meaning, signifying that the person of whom they were spoken had obtained money or property by false pretences, does not make the complaint good. The pleading shows that the transaction of which they were spoken could not

have constituted a crime, and that the persons who heard the words could not have understood them as charging a crime. Where the complaint fully discloses facts showing that the words did not charge a crime, their meaning can not be changed by the innuendo. *Hotchkiss* v. *Olmstead, supra; McFadin* v. *David,* 78 Ind. 445; S. C., 41 Am. R. 587, *vide* auth. n.

Where a recovery is sought because of special injury in the way of office, profession, or business, the business or profession must be pleaded as a substantive and traversable fact. There is in the complaint before us no allegation that the business of the appellant was that of selling wood.

The demurrer to the complaint was properly sustained.

Judgment affirmed.