Filed May 14, 1884.

---

No. 11,086.

ROCK v. McCLARNON.

SLANDER.—*Actionable Words.*—*Complaint.*—Words not made actionable by statute and which do not charge a crime are not actionable *per se.*

SAME.—The words "C. R. * * got drunk and came home with some powders and tried to get his wife to take them, but she refused, and sent for Dr. T., and he * * said that they were arsenic and poison, and if she had taken any of them they would have killed her—C. R. tried to poison his wife," are not actionable where there is no colloquium showing extrinsic matter which would give words a meaning not expressed by them alone.

SAME.—*Innuendo.*—An innuendo in a complaint for slander does not enlarge the meaning of the words charged to have been spoken.

SAME.—A complaint in slander which does not give the slanderous words spoken, but only the effect of them, is bad.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones, C. G. Offutt* and *R. A. Black,* for appellant.

*W. R. Hough, E. Marsh* and *W. W. Cook,* for appellee.

BICKNELL, C. C.—This was an action of slander by the appellant against the appellee. The complaint was in four paragraphs. Demurrers to each of said paragraphs, for want of facts sufficient, were sustained. The plaintiff refused to amend, and judgment was rendered for the defendant. The

plaintiff appealed. The rulings upon the demurrers are assigned as errors.

The words alleged in the several paragraphs are as follows:

In the first paragraph, "Charley Rock came to Greenfield and got drunk, and came home with some powders and tried to get his wife to take them, but she refused, and sent for Dr. Trees, and he came and examined the powders, and said that they were arsenic and poison, and if she had taken any of them they would have killed her."

In the second paragraph, "Charley Rock went to Greenfield and came home drunk, and brought a bottle of medicine, and tried to get his wife to take some of it, and she refused to take said medicine, and sent for Dr. Trees, and he examined it, and said if she had taken any of it, it would have killed her. Charley Rock went to Greenfield and came home drunk, and brought a bottle of medicine and wanted his wife to take some of it right away, and she refused to take it, and sent for Dr. Trees, and he came and analyzed it, and pronounced it poison, and said, if she had taken any of it, it would have killed her immediately."

In the third paragraph, "Charley Rock tried to poison his wife."

In the fourth paragraph, "Words of the effect following, that is to say, that he, plaintiff, had tried to poison his (plaintiff's) wife."

There is no special damage alleged in the complaint; therefore the complaint is not sufficient unless some one of the sets of words is actionable *per se*, or made actionable by averment of extrinsic facts. The first and second paragraphs of the complaint contain matters of inducement alleging the good character of the plaintiff and the defendant's knowledge thereof, and malicious disposition, but there is no colloquium averring any extrinsic facts, which, coupled with the words spoken, might render them actionable if otherwise they were not. See, upon this point, *Millison* v. *Sutton*, 1 Ind. 508; *Hart* v. *Coy*, 40 Ind. 553.

Rock *v.* McClarnon.

These paragraphs also contain several innuendoes, stating the meaning of the words, but the absence of a colloquium, showing by extrinsic matter that the words are actionable, is not supplied by mere innuendoes, attributing to the words an actionable meaning. *Schurick* v. *Kollman*, 50 Ind. 336. An innuendo can not change the ordinary meaning of language. *Hays* v. *Mitchell*, 7 Blackf. 117; *Ward* v. *Colyhan*, 30 Ind. 395.

These paragraphs contain, also, concluding averments, that the defendant, by the use of the words, "intended to charge, and to be understood as charging, the plaintiff with an attempt, by the use of poison, to unlawfully, wilfully and maliciously kill and murder his wife;" but these averments do not help the complaint. Where no extrinsic facts are averred, the naked statement that the defendant intended a slanderous charge, amounts to nothing unless the words themselves import such a charge. *Jones* v. *Diver*, 22 Ind. 184; *McFadin* v. *David*, 78 Ind. 445 (41 Am. R. 587); *Wilson* v. *McCrory*, 86 Ind. 170; *Pollock* v. *Hastings*, 88 Ind. 248. In *Wilson* v. *McCrory*, just cited, the complaint was held good, but there the words were: "Perry stole my corn;" and the complaint had a proper colloquium and innuendoes, and the concluding averments were not only that the defendant intended to charge the plaintiff with the crime of larceny, but that he was so understood by his hearers.

The question, therefore, as to the two paragraphs now under consideration is, were the words spoken slanderous *per se?*

The appellant claims that they were, because, as he says, they charged the crime mentioned in section 1919, R. S. 1881. That section is as follows: "Whoever administers, or procures to be administered, any poison to any other human being, or mingles poison with any food, drink, or medicine, with intent to kill or injure the person to whom the same shall be administered, if death do not ensue, upon conviction thereof, shall be imprisoned," etc.

The words, charged in said first and second paragraphs, do not charge that any poison was administered, or mingled with anything, with any criminal intent; they do not charge that the plaintiff knew it was poison. The statement is substantially that the plaintiff came home drunk, and offered something to his wife and asked her to take it right away, but she did not take it, and some doctor on examination pronounced it to be arsenic and poison, and said that if she had taken it, it would have killed her. There is no charge that the thing offered really was poison, and there is no such thing as administering poison unless it is either taken internally or applied externally. 2 Bishop Crim. Proc., section 645; Roscoe Crim. Ev., p. 267.

The words in these two paragraphs do not charge any offence defined in section 1919, *supra,* and they do not charge anything for which, if true, the plaintiff could be infamously punished. The appellant claims that the words under consideration are actionable, because, he says, they charge an assault with intent to commit a felony, under sections 1909 and 1910, R. S. 1881, and also because they charge that the plaintiff came home drunk; but these propositions can not be sustained.

There was no error in sustaining the demurrers to the first and second paragraphs of the complaint.

The third and fourth paragraphs of the complaint contain the same prefatory and concluding averments as the preceding paragraphs; but the words therein charged do not impute drunkenness; they are, in the third paragraph, these: "Charley Rock tried to poison his wife;" and in the fourth paragraph there are no words stated, the averment is that the defendant said of plaintiff in words of the effect following, that is to say, "that he (plaintiff) had tried to poison his (plaintiff's) wife." The fourth paragraph was clearly bad. *Atwood* v. *Taylor,* 1 M. & G. 279; *Wheeler* v. *Robb,* 1 Blackf. 330 (12 Am. Dec. 245); *Linville* v. *Earlywine,* 4 Blackf. 469;

*Creelman* v. *Marks*, 7 Blackf. 281; *Tucker* v. *Call*, 45 Ind. 31; R. S. 1881, section 372.

The words in the third paragraph are not actionable *per se*, because they do not charge any offence punishable under our statutes, and there are no averments in that paragraph of such extrinsic facts as sometimes make words actionable which are not such by themselves. *Jones* v. *Diver*, *supra*.

There was no error in sustaining the demurrers. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

