Smail v. Fisher.

No. 203.

SMAIL v. FISHER.

SLANDER.—*Complaint.*—A complaint in slander which does not set out the slanderous words, or allege that they were spoken concerning the plaintiff, is insufficient.

From the Montgomery Circuit Court.

*N. P. H. Proctor* and *G. W. Stafford,* for appellant.

*J. Wright* and *J. M. Seller,* for appellee.

ROBINSON, J.—This was an action of slander by the appellant against the appellee.

The complaint contained but one paragraph, to which a demurrer was sustained for want of sufficient facts.

The appellant refused to amend, and judgment was rendered for the appellee.

The ruling upon the demurrer is assigned as error.

It appears from the complaint that Bass & Saunders were engaged in the manufacture of medicines, and had their medicines in the hands of numerous agents in Indiana and Illinois, and held the receipts of such agents therefor; that said firm was indebted to the appellant; that said firm was dissolved by the decease of one of the partners, and such proceedings were had in the Montgomery Circuit Court as that a receiver was appointed to take charge of the business and assets of said firm, and to settle the same; that under the order and direction of the Montgomery Circuit Court the said receiver turned over and delivered to the appellant the medicines and receipts remaining in his hands, in payment of the appellant's claim against said firm. After these prefatory statements in the complaint, without setting out the slanderous words spoken, the complaint proceeds to state the slanderous charge complained of in the following language, to wit: "That, after said medicines and receipts were turned over to the appellant, the appellee, wickedly, fraudulently, and corruptly,

intending to injure the appellant, told and informed the people, and said agents of the State of Indiana, that appellant had no right to sell said medicine, or collect said receipts, and that the appellant was guilty of criminal wrong in trying to sell said medicine and collect said receipts; that the appellant was guilty of the crime of forgery in regard to said order; that by reason of said fraudulent statements, etc., the appellant was at great expense in trying to dispose of said medicine, and collect said receipts, to wit: in the sum of five hundred dollars."

The complaint is clearly insufficient. The appellant, in his brief, has not attempted to cite any authority or present any theory upon which it can be sustained.

The slanderous words complained of are not set out in the complaint. The complaint does not set out what words were spoken, or that they were spoken of and concerning the appellant. A complaint in slander which does not give the slanderous words spoken, but only the effect of them, is bad. *Rock* v. *McClarnon*, 95 Ind. 415; *Spaits* v. *Poundstone*, 87 Ind. 522.

The court did not err in sustaining the demurrer to the complaint.

The case is affirmed, at appellant's costs.

