Monks, J.
Appellant brought this action against appellee to recover damages for slander.
The complaint was in three paragraphs to which appellee’s demurrer for want of facts was sustained, and, appellant refusing to plead further, judgment was rendered against him. These rulings are assigned as error.
It is alleged in each paragraph that appellant was, at the time of the commencement of the action, and had for fifteen years been, a practicing physician in such county. That a written notice had been posted upon appellant’s house at a place open to the view of said appellant and the public, which notice was as follows:
“Wilbur, Ind., March 6, 1896. — Wm. Meredith, we have been informed that your wife is sick and needs attention and that you are wilfully neglectful of her. We wish to inform you now and for the last time that you must do something for or have something done at once or we will do something for you in a way that won’t be very pleasant.
White Caps.”
The words alleged in the first, paragraph to have been spoken by appellant of and concerning appellee and said notice were: “I know who done that (mean *693 ing who wrote and posted said notice); Dr. Divens (plaintiff meaning) wrote that (said notice meaning)' and put it (said notice meaning) up there (on defend-' ant’s house meaning).”
The words in the second paragraph were: “What are you (plaintiff meaning) meddling with my (defendant’s) business for? You (meaning plaintiff) have white capped me (defendant meaning). You (plaintiff meaning) put a white cap notice on my (defendant’s) house so that you (plaintiff meaning) will get to do my practice. You (plaintiff meaning) are a white cap-per.”
The words in the third paragraph were:
“Dr. Divens. (plaintiff meaning) was the fellow who wrote it. (Meaning said notice.) He (plaintiff meaning) can write seven different hands. He (plaintiff, meaning) did it (meaning wrote said notice) to get to do my practice.”
It was not a crime to write and post the notice referred to in said paragraph, and the words charging appellant with writing and posting the same were not, therefore, slanderous per se. The words set forth in the second and third paragraphs do not, in their ordinary sense, import the charge of a crime, and there is no colloquium showing that said words were used as charging a crime. Rock v. McClarnon, 95 Ind. 415.
The words “You are a white capper,” set forth in the second paragraph, even if slanderous, per se, which we need not and do not decide, were spoken of and concerning the writing and posting the notice to appellee, which act was not a crime. There was no charge in this paragraph that appellant had committed a crime, but the words used clearly show that appellee charged him with writing and posting the notice heretofore set out, and that, therefore, he was a white capper.
*694 It is a well settled rule that if words actionable in themselves, are spoken of a transaction which is not a crime, and of which the hearers have full knowledge, they are not actionable. Hotchkiss v. Olmstead, 37 Ind. 74, 80, and cases cited; Pollock v. Hastings, 88 Ind. 248; Odgers on Lible and Slander, *p. 100, note.
It is alleged in each paragraph that appellant was a practicing physician when said words were spoken, but it appears that the words were not spoken of or concerning his professional character, nor did they in any way question his knowledge or skill as a physician, or any act performed in the practice of his profession.
To render words spoken of and concerning a physician actionable, they must be spoken of him in his professional character. It is not enough that the language disparages him generally, or that his general reputation is thereby affected, or that the words used tend to injure him in his profession. Jones v. Diver, 22 Ind. 184; Ayre v. Craven, 2 Adol. & El. 2; Foster v. Small, 3 Whar. 138; Purdy v. Rochester Print Co., 96 N. Y. 372; Odgers on Libel and Slander, *pp. 75, 76, 83.
These paragraphs, it is true, contain the averments that appellant by the use of the words intended to charge appellee with “the crime of blackmail,” “being a whitecap,” “disreputable practice and unprofessional conduct as a physician,” but these averments give no strength to the complaint. McFadin v. David, 78 Ind. 445; Wilson v. McCrory, 86 Ind. 170; Pollock v. Hastings, supra; Rock v. McClarnon, supra.
In Rock v. McClarnon, supra, it was said by this court: “Where no extrinsic facts are averred, the naked statement that the defendant intended a slanderous charge, am'ounts to nothing unless the words themselves import such a charge.”
*695 It follows that the court did not err in ¡sustaining the demurrer to the complaint.
Judgment affirmed.
Jordan, O. J., took no part in the decision of this case.