## Stutsman v. Stutsman.

[No. 4,355.   Filed March 17, 1903.   Rehearing denied June 19, 1903.
Transfer denied December 11, 1903.]

Appeal.—*Error in not Carrying Demurrer to Answer Back to Complaint.*— Where a complaint is composed of more than one paragraph, and an answer is pleaded to the whole complaint, a demurrer to the answer must go to the whole complaint if carried back; and an assignment that the court erred in not carrying the demurrer back to the complaint is not available if any paragraph of the complaint is good.  *p. 74.*

Slander. — *Complaint.* — *Colloquium.* — *Innuendoes.* — A complaint for slander charged, with innuendoes, that the defendant uttered the following words concerning plaintiff:  " 'It' [plaintiff's baby

Stutsman *v.* Stutsman.

meaning] '-don't look like Floran' [plaintiff's husband mean-ing]. 'It' [plaintiff's baby meaning] 'isn't Floran's' [plaintiff's husband meaning] 'child. Ora Lee' [a man other than plaintiff's husband meaning] 'is the father of it' [plaintiff's said baby meaning]." *Held,* that the words alleged to have been spoken by defendant were not of themselves slanderous, and, to warrant the innuendoes, the discourse was not concerning plaintiff, but concerning her husband and the paternity of her child, and that the complaint was insufficient on demurrer. *pp. 74, 75.*

SLANDER. —*Colloquium.* —*Innuendoes.* —*Complaint.* —A complaint for slander charged, with innuendoes, that the defendant maliciously, and with intent to injure plaintiff in her good name, uttered the following words concerning plaintiff: "'Well, they say she' [plaintiff meaning] 'runs around nights with other men' [meaning other men than plaintiff's husband, and that with them she had committed the crime of adultery]. 'She' [plaintiff meaning] 'is a bad character' [a woman of unchaste virtue meaning]." *Held,* that the innuendoes are warranted as the colloquium was concerning the plaintiff, and that the complaint is sufficient. *pp. 75, 76.*

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Action by Frieda Stutsman against Jemima Stutsman. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellant.

*P. L. Turner,* for appellee.

ROBINSON, J.—Appellee's complaint for slander was in three paragraphs. Its sufficiency is questioned by an assignment of error, and also by an assignment that the court erred in sustaining demurrers to appellant's affirmative paragraphs of answer, when they should have been carried back and sustained to the complaint.

The second and third paragraphs of answer were pleaded to the whole complaint, and if the demurrers are carried back they must go to the whole complaint. The assignment of error also questions the complaint as a whole, so that if either paragraph of the complaint is sufficient the errors assigned and argued are not available. *Tracewell* v. *Peacock,* 55 Ind. 572; *State, ex rel.,* v. *Halter,* 149 Ind. 292.

In the first paragraph of complaint appellee avers: That she is the wife of Floran Stutsman, appellant's son,

Stutsman *v.* Stutsman.

having married him about three years before this suit was brought, and that about eighteen months after her marriage there was born to her a baby of which Floran was the father; that when married she was about eighteen years old, and, except a few months, has always lived in the city of Elkhart; that appellant, maliciously intending to injure appellee in her good name, and to bring her into public scandal and disgrace among her neighbors, and to cause it "to be suspected and believed by those neighbors and citizens that plaintiff had been guilty of the crime of adultery, and that her husband, Floran Stutsman, was not the father of her said baby," at a certain time and place in Elkhart, did "in a certain discourse which the defendant then and there had in the presence and hearing of divers good and worthy citizens, falsely and maliciously speak and declare of and concerning said plaintiff the false, scandalous, malicious, and defamatory words following, that is to say: 'It' [plaintiff's baby meaning] 'don't look like Floran' [plaintiff's husband meaning]. 'It' [plaintiff's baby meaning] 'isn't Floran's' [plaintiff's husband meaning] 'child. Ora Lee' [a man other than plaintiff's husband meaning] 'is the father of it' [plaintiff's said baby meaning];" that such statements were false and untrue, and "were made by the defendant maliciously, and with the intent and for the purpose of imputing unchastity to the plaintiff, and of charging her with the crime of adultery, and were so understood by the persons who heard them."

The averments of the second and third paragraphs are the same as the first, except as to the alleged slanderous words. The second paragraph charges: " 'Well, they say she' [plaintiff meaning] 'runs around nights with other men' [meaning other men than plaintiff's husband, and that with them she had committed the crime of adultery]. 'She' [plaintiff meaning] 'is a bad character' [a woman of unchaste virtue meaning]. 'Frieda' [plaintiff meaning] 'has made three dollars out of many a man, and she can do

it again' [meaning that plaintiff has committed the crime of adultery]."

The statute makes every charge of adultery, by any person against a female, actionable. §286 Burns 1901. And in an action for slander it is sufficient to state, generally, that the defamatory matter was spoken of the plaintiff. §375 Burns 1901.

The words used in the complaint are not, of themselves, actionable; and the innuendoes alone do not make them actionable. Something more than an innuendo is necessary for that purpose in such a case. Words which are not actionable in themselves can not be rendered so by an innuendo without an averment of extrinsic facts which make them slanderous. An innuendo does not aver a fact, nor can it change the natural meaning of language; its office being to explain, and not to extend or enlarge the meaning of the words. *Hays* v. *Mitchell,* 7 Blackf. 117; *Stucker* v. *Davis,* 8 Blackf. 414; *Dodge* v. *Lacey,* 2 Ind. 212; *Harper* v. *Delp,* 3 Ind. 225; *Jones* v. *Diver,* 22 Ind. 184; *Ward* v. *Colyhan,* 30 Ind. 395; *Hart* v. *Coy,* 40 Ind. 553; *Schurick* v. *Kollman,* 50 Ind. 336; *Rock* v. *McClarnon,* 95 Ind. 415; *Seller* v. *Jenkins,* 97 Ind. 430.

The first paragraph of complaint we think is insufficient, for the reason that the words used, standing by themselves, have no meaning, and could be slanderous only with reference to some particular subject. This paragraph avers that the colloquium was concerning appellee. But, to warrant the innuendoes, the discourse was manifestly not concerning appellee, but was concerning appellee's husband and her baby and its paternity. As this discourse was a fact necessary to establish appellee's cause of action, it should have been averred in the complaint. This point is expressly decided in *Emig* v. *Daum,* 1 Ind. App. 146. Upon the authority of that case and the cases therein cited the first paragraph of the complaint is insufficient. For like reasons the third paragraph is bad.

But the second paragraph, we think, is sufficient. It is true it is not averred that the persons to whom the words were spoken knew appellee as a married woman and a mother; but it is averred that the words spoken were concerning appellee, and that by speaking the words charged appellant maliciously intended to injure appellee in her good name, and to bring her into public scandal and disgrace among her neighbors and to cause it to be believed by her neighbors that she had been guilty of adultery, and that appellant made the statements with the intent and purpose of imputing unchastity to appellee, and charging her with the crime of adultery, and that the statements were so understood by the persons who heard them. The innuendoes are warranted as the colloquium was concerning appellee, and it is expressly averred that those who heard the words understood them to mean that appellee was unchaste, and had been guilty of adultery. See *Hinesley* v. *Sheets*, 18 Ind. App. 612, 63 Am. St. 356; *Hibner* v. *Fleetwood*, 19 Ind. App. 421; *Alcorn* v. *Bass*, 17 Ind. App. 500; *Huddleson* v. *Swope*, 71 Ind. 430; *Drummond* v. *Leslie*, 5 Blackf. 453; *Waugh* v. *Waugh*, 47 Ind. 580; *Emmerson* v. *Marvel*, 55 Ind. 265.

Judgment affirmed.