May Term, 1856.

KECK
v.
DERICKSON.

———————⋆·◦◦·⋆———————

## KECK *v.* DERICKSON.

Complaint for slander. The words were not actionable in themselves, but extrinsic facts were averred which showed them to be so. Verdict and judgment for the plaintiff. The evidence was not set out in the record. *Held*, that it must be presumed that the extrinsic facts were proved which rendered the words actionable.

APPEAL from the *Shelby* Circuit Court.

DAVISON, J.—*Derickson* was the plaintiff below, and *Keck* the defendant. The declaration was filed under the old system of procedure, and contains four counts. The first and second are for slander. The third is for a malicious prosecution for larceny. The fourth charges the defendant with having maliciously, and without any reasonable or probable cause, prosecuted the plaintiff before a justice, for surety of the peace.

In the record there is a bill of exceptions, wherein it is shown that the Court, at the instance of the defendant, instructed the jury that if they found for the plaintiff, they should find specially as follows:

*Monday, June 9.*

1. Upon what they do find, whether on the counts for slander or for malicious prosecution?

2. If upon the counts for slander, then upon what set or sets of words?

3. If upon the charge of malicious prosecution, then upon which of the counts?

4. Was there or not probable cause for the prosecution?

5. Did the defendant commence and conduct such prosecution from motives of malice, or because he honestly thought the charge true, and had reasonable or probable cause to believe it?

The following is the verdict: " On the first and second counts, and on these sets of words, viz., ' *Andrew Derickson* and *George Umphries* are the d——d rascals who took my (meaning the defendant's) money;' ' *Andrew Derickson* and *George Umphries* are the very men that took or got my (meaning defendant's) money;' we, the jury, find for the plaintiff, and assess his damages at 300 dollars.—Upon the third count, we, the jury, find the defendant guilty of malicious prosecution, and assess the plaintiff's damages at one cent. And on the fourth count, we, the jury, believe that the defendant had probable cause for the prosecution. We believe that he commenced and carried on said prosecution in good faith, and believed the charge to be true." The defendant moved to set aside the verdict, and for a new trial; but his motion was overruled, and judgment was rendered on the verdict.

For error it is alleged—

1. That the jury have failed to find specifically on all the points demanded by the defendant and directed by the Court; that they have found the defendant guilty on one count for malicious prosecution, and also that there was probable cause, &c.

We do not so understand the verdict. On the third count the jury found the defendant guilty, and assessed the plaintiff's damage at one cent, which the record shows was afterwards remitted. Upon this count they are silent as to whether there was or was not probable cause. But on the fourth count, which we have seen charged the de-

fendant with having prosecuted the plaintiff before a justice for surety of the peace, the jury do find that the defendant had probable cause for such prosecution, and do not find him guilty.  The verdict, it seems to us, substantially accords with the instructions of the Court.

May Term,
1856.

2. It is insisted that the sets of words upon which the finding of the jury is predicated, are not actionable.  In themselves they are not; but these words may have derived a slanderous import from extrinsic facts.  Such facts are sufficiently averred in the declaration, and the evidence given on the trial not being in the record, we will, in favor of the verdict, presume that they were proved.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*T. A. Hendricks* and *M. M. Ray*, for the appellant.
*W. J. Peaslee*, for the appellee.