JUDGE ELLIOTT
delivered the opinion oe the court.
This action in slander was brought by the appellee, who recovered judgment below, and the material question raised by this appeal is whether the appellee’s petition is sufficient to sustain the verdict and judgment of the court. The appellee’s cause of action is stated in the following language: “The plaintiff, Thomas Bassett, says that on the — day of August, 1874, the defendant, John Hanning, spoke of and concerning him the following false and slanderous words, viz.: Tom Bassett (meaning plaintiff) stole my whisky, and I (meaning defendant) can prove it. Tom Bassett (meaning plaintiff) bored into my barrel and stole my whisky. Tom Bassett (meaning plaintiff) broke into my warehouse; thereby charging plaintiff with the crime of larceny.”
Mr. Chitty, in his work on Pleadings, says that the -declaration must show “ a publication of the slander, but any words that denote a publication are sufficient, and an averment that the words were spoken in the presence of divers persons, although not stating that they heard or understood them, is sustainable; but it is not correct merely to aver that the words were spoken, omitting the words ‘ and published.’ ” The same *363 author says that “ there should be an averment that the defendant maliciously published the matter, but any equivalent expressions, as wrongfully and falsely, will, it seems, suffice.”
The appellee in his petition fails to aver that the slanderous words were published, or that they were spoken in the presence and hearing of any body, and if the words were uttered in nobody’s presence, the appellee could not have been injured. In order to make out a case of verbal slander, two things are indispensable — malice in the utterance of actionable words, and their publication. Indeed the gist of the action is the supposed injury to the plaintiff’s character and feelings, by actionable words, maliciously published and set afloat among his acquaintances; and as the petition fails to aver a malicious publication of the words charged to have been spoken, it is too defective to support the judgment, and the same is therefore reversed, with leave to appellee to amend his petition, and for further proceedings consistent with this opinion.