HUDDLESON ET AL. *v.* SWOPE ET AL.

No. 6630.

SLANDER.—*Pleading.*—*Inducement and Colloquium.*— *Words not Actionable per se.*—In an action for slander, a paragraph of the complaint alleged the false and malicious speaking and publishing by the defendant, concerning the plaintiff, of the following words : "I (said defendant M. H. meaning) know that C. H. (meaning * * ) is keeping her (meaning plaintiff E. S.), and that I know there were criminal acts between them (meaning the said C. H. and the plaintiff E. S.), and that W. S. (meaning the plaintiff W. S.," the husband of E. S.,) "was knowing to it." Also these words : "I (meaning the said M. H.) not only believe it, but I know they are criminally guilty (meaning and referring to the plaintiff E. S. and the said C. H.); I know, and God in Heaven knows, that it is so." Also these words : "I (meaning the said defendant M. H.) don't believe any thing about it; I (meaning the said defendant) know there is criminal intercourse between them (meaning," etc.) Also these words: "He (meaning and referring to one C. H.) keeps running there (meaning the house where plaintiff then resided," etc.,) "all the time, and he (meaning said C. H.) don't go there for any good. He (meaning said C. H.) is keeping her (meaning said E. S.), and W. S. (meaning the plaintiff W. S.) knows it." This paragraph further averred, that, by the use of these words and by each set thereof, the defendant intended to charge that the said E. S. had been guilty of the crime of adultery with the said C. H. Upon demurrers severally to these sets of words,

*Held,* that, though it is usual for the inducement and colloquium to precede the statement of the words alleged to have been spoken, yet it is not material that they should do so. It is sufficient if they be inserted in any portion of the proper paragraph.

*Held,* also, that the words were not actionable *per se,* but the concluding averments substantially supplied a more formal inducement and colloquium, and rendered all the sets of words sufficient upon demurrer.

SAME.—*Instruction.*—The court instructed the jury as follows: "If you believe from the evidence, that M. H. spoke, at any time within two years of filing the complaint, any of the sets of words stated in the complaint, and spoke them of E. S., or spoke enough of any one of the sets to import that she was guilty of having committed adultery with C. H., you should find for the plaintiff, unless the defendants have proved by a fair preponderance of the evidence, that, before such speaking, said E. S. had committed adultery with said C. H."

*Held,* that this instruction, in effect, informed the jury that all of the sets of

words complained of imported a charge of adultery, against E. S, and were actionable *per se,* if shown to have been spoken concerning her, and it was therefore erroneous.

From the Wayne Circuit Court.

*W. A. Bickle* and *T. J. Study,* for appellants.

*H. C. Fox* and *S. C. Whitesell,* for appellees.

NIBLACK, C. J.—This was an action by Eliza E. Swope and her husband, William H. Swope, against Martha Huddleson and her husband, Isaac Huddleson, for alleged slanderous words spoken by the said Martha concerning the said Eliza.

The complaint was in two paragraphs.

The defendants demurred to the first paragraph and, severally, to the several sets of words contained in the second paragraph. The demurrer was sustained to the first paragraph, but overruled as to all the sets of words in the second paragraph. Verdict for the plaintiffs. Motion for a new trial overruled, and judgment on the verdict.

The second paragraph averred, that on or about the 20th day of June, 1876, the said Martha Huddleson did falsely, wickedly and maliciously speak and publish of and concerning the said Eliza E. Swope, to and in the presence of divers persons, the following scandalous and defamatory words, that is to say :

" I (said defendant Martha Huddleson meaning) know that Charley Hood (meaning one Charles Hood, who then and there resided in the town of Dublin, Wayne county, Indiana,) is keeping her (meaning plaintiff Eliza E. Swope), and that I know there were criminal acts between them (meaning the said Charles Hood and the plaintiff Eliza E. Swope), and that Will Swope (meaning the plaintiff William H. Swope) was knowing to it."

Also these words :

" I (meaning the said Martha Huddleson) not only believe it, but I know they are criminally guilty (mean-

ing and referring to the plaintiff Eliza E. Swope and the said Charles Hood). I know, and God in Heaven knows, that it is so."

Also these words:

" I (meaning the said defendant Martha Huddleson) don't believe any thing about it; I (meaning the said defendant) know there is criminal intercourse between them (meaning and referring to said plaintiff Eliza E. Swope and the said Charles Hood).

Also these words:

" He ( meaning and referring .to one Charles Hood) keeps running there (meaning the house where plaintiff then resided, in Dublin, Wayne County, Indiana,) all the time, and he (meaning said Charles Hood) don't go there for any good. He (meaning said Hood) is keeping her (meaning said Eliza E. Swope), and Will. Swope (meaning the plaintiff William H. Swope) knows it."

And the said second paragraph further averred that the said Martha, by the use of said words and by each set thereof, intended to charge that the said Eliza had been guilty of the crime of adultery with the said Charles Hood.

It is insisted that none' of the sets of words above set forth were actionable *per se,* and that there was no proper and precedent averment of extrinsic facts, which made them actionable ; that, therefore, the demurrer ought to have been sustained to each and all the said several sets of words.

The inducement and colloquium in a complaint for slander usually precede the statement of the words alleged to have been spoken, but it is not material that they should do so. It is sufficient if they be inserted in any portion of the proper paragraph. Townshend on Slander & Libel, 557, sec. 311.

The words demurred to as above were clearly not action-

able *per se*, but we think the concluding averments of the paragraph of the complaint, which contained them, substantially supplied a more formal inducement and colloquium, and thereby rendered all of those sets of words sufficient upon demurrer.

The court, at the proper time, gave, amongst many others, the following instruction to the jury:

"If you believe from the evidence, that Martha Huddleson spoke, at any time within two years of filing the complaint, any of the sets of words stated in the complaint, and spoke them of Eliza E. Swope, or spoke enough of any one of the sets to import that she was guilty of having committed adultery with Charles Hood, you should find for the plaintiffs, unless the defendants have proved, by a fair preponderance of the evidence, that, before such speaking, said Eliza E. Swope had committed adultery with said Charles Hood."

We construe this instruction as intended to mean, and as in effect saying to the jury, that all of the sets of words complained of imported a charge of adultery against Mrs. Swope, and were consequently actionable *per se*, if shown to have been spoken concerning her.

As thus construed, and we are unable to give it any other construction, the instruction can not be sustained. None of the words or sets of words in question, of themselves, imported a charge of adultery, or of any other distinct crime, and it was not enough to prove the mere speaking of some or all of those words, in reference to Mrs. Swope.

It was necessary, also, to show that the words were spoken of and concerning her character for chastity, and in the sense charged in the complaint. *Emmerson* v. *Marvel*, 55 Ind. 265; *Schurick* v. *Kollman*, 50 Ind. 336; *Ward* v. *Colyhan*, 30 Ind. 395.

Other questions have been discussed by counsel, but, as

the judgment must in any event be reversed, we need not now consider them.

The judgment is reversed, with costs, and the cause is remanded for a new trial.