Filed Sept. 18, 1889.

---

No. 13,876.

## HARRISON *v.* MANSHIP.

SLANDER.—*Complaint.*—*Sufficiency of.*—A complaint for slander alleged that the defendant spoke of and concerning the plaintiff that he " took and drove off his (meaning defendant's) ducks and sold them, and that if he (meaning plaintiff) was so mean as to drive his (meaning defendant's) ducks off and sell them, he could have them," which charge it is alleged was false.

*Held,* that the words alleged to have been spoken are not actionable *per se,* and that in the absence of an averment of extrinsic facts giving them a criminal meaning, the complaint is bad, even after verdict.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian,* for appellant.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

COFFEY, J.—This was an action of slander brought by the appellant against the appellee in the Hamilton Circuit Court. The complaint in the cause, omitting the formal parts, is as follows :

" The plaintiff says that Thomas Manship, defendant, on the — day of December, 1886, at said county and State, in the presence and hearing of divers persons, falsely and maliciously spoke and uttered of and concerning the plaintiff the following false and malicious words : That he (meaning

plaintiff) took and drove off his ducks and sold them; that he (meaning plaintiff) drove his (meaning defendant's) ducks off and sold them; that he (meaning plaintiff) drove his (meaning defendant's) ducks off and sold them, and if he (meaning plaintiff) was so mean as to drive his (meaning defendant's) ducks off and sell them that he (meaning plaintiff) could have them; that Allen C. Harrison drove his (meaning defendant's) ducks off and sold them; all of which charges were false and slanderous, whereby the plaintiff's character was brought into great and manifest and public scandal and disgrace, and he was damaged," etc.

The appellee answered by way of justification, to which a reply was filed, and the cause, being at issue, was submitted to a jury for trial.

During the progress of the trial the court came to the conclusion that the above complaint did not state facts sufficient to constitute a cause of action, and instructed the jury to return a verdict for the defendant, which was accordingly done.

The appellant filed a motion for a new trial, which was overruled, and the appellee had judgment for costs.

The appellant assigns as error the overruling of his motion for a new trial, while the appellee assigns as cross-error that the complaint does not state facts sufficient to constitute a cause of action.

The only question involved in the cause is the sufficiency of the above complaint, for if it states facts sufficient to constitute a cause of action it is plain that the court erred in its instruction to the jury to return a verdict for the appellee.

Where words are used, not actionable within themselves, there should be some prefatory allegation of some extrinsic matter, or an explanation of the particular and criminal meaning of the words. This introductory matter having been stated, the *colloquium* should connect with it the speaking of the words complained of, leaving to the *innuendo* its proper office of giving those words that construction which they bore in reference to the extrinsic fact, or explanation of

their particular meaning. If a crime has been committed, and the words sued for were spoken in reference to it, that matter should be averred. If the defendant has been in the practice of using the words to express the commission of a crime, that fact should be alleged. If a word or phrase has a particular and criminal meaning, different from its ordinary import, and was used in its opprobrious sense by the defendant, those facts should appear. *Hays* v. *Mitchell*, 7 Blackf. 117.

There is no *colloquium* or *innuendo* laid in this complaint. We have simply the words " he drove off my ducks and sold them," without any averment as to the circumstances under which the words were spoken, or as to the sense in which they were used, or as to how they were understood.

The simple question, therefore, for our determination, is, do the words charged to have been spoken import the commission of a crime ? We do not think they do. The verbs used are " take," " drive " and " sell," all of which in their usual sense denote innocent actions.

Had the appellant averred any extrinsic facts tending to show the commission of a crime, and had in any manner, by averment, connected the speaking of the words charged in the complaint with the commission of such crime, no matter how defective such averments, the complaint would have been good after verdict ; but here, as we have seen, there is a total absence of any averment that a crime had been committed.

Where language is susceptible of an innocent and a criminal meaning, the court, after verdict for the plaintiff, upon a motion for a new trial, in arrest of judgment, or upon an assignment of error, will adopt the latter meaning, and where the language is rendered actionable by extrinsic circumstances defectively averred, the verdict will aid them ; but language not actionable *per se*, in the absence of extrinsic circumstances, will not be so regarded, even after verdict. *McFadin* v. *David*, 78 Ind. 445.

In our opinion the complaint before us does not state a

cause of action against the appellee, and the court did not err in directing a verdict in his favor.

