Filed April 10, 1890.

---

No. 14,156.

FREEMAN v. SANDERSON.

SLANDER.—*Pleading.*—*Several Sets of Slanderous Words Spoken.*—*Complaint Alleging.*—*Demurrer to Whole Complaint.*—Where the demurrer is to the whole complaint in an action for slander, if one set of slanderous words, there being several sets alleged to have been spoken, are properly pleaded so as to constitute a cause of action, the demurrer to the complaint is properly overruled.

SAME.—*Actionable Words.*—*Need not be Specific.*—*Inducement.*—*Innuendo.*— Where slanderous words are used, which, by proper inducement and innuendo, may be shown to have been used with the intent to charge, and were understood by the persons who heard them to charge, a female with fornication, incest, adultery or whoredom, they are actionable the

same as if the person speaking the words had charged such female in specific words with being guilty of fornication or adultery.

SAME.— *Understanding of Words Spoken.—Statement of by Witnesses.*—In an action for slander it is not error to allow the witnesses to state their understanding of the words proved to have been spoken by the defendant.

SAME.— *Words Spoken at Other Times and Places.—Malice.*—In such action it is competent to prove the speaking of slanderous words at other times and places than alleged in the complaint, as tending to show malice and ill-will.

From the Owen Circuit Court.

*D. E. Beem* and *W. Hickam,* for appellant.

*W. E. Dittemore* and *N. W. Williams,* for appellee.

OLDS, J.—This was an action by the appellee against the appellant for slander. Issues were joined and a trial had, resulting in a verdict and judgment for appellee.

The errors assigned are : The overruling of the demurrer to the complaint, overruling the motion for a new trial, and overruling the motion in arrest of judgment.

There were several sets of words alleged in the complaint to have been spoken by the defendant of and concerning the plaintiff in the presence and hearing of divers persons.

The complaint showed by inducement and innuendo that the words were spoken of and concerning the plaintiff, and that they were meant, and were understood to mean, that the plaintiff, an unmarried woman, had been guilty of fornication.

The demurrer was to the whole complaint, and if one set of words are properly pleaded so to constitute a cause of action the demurrer to the complaint was properly overruled. The complaint alleged that " the defendant maliciously, intending to ruin the plaintiff's good name and reputation among her neighbors, and bring her into public infamy, disgrace and scandal, spoke of and concerning the plaintiff the following false, defamatory and slanderous words to and in the presence of King Townsend and others, that is to say that I (meaning defendant) caught you (John Freeman meaning) and her (plaintiff meaning) in the kitchen at it; and I

(defendant meaning) caught you, John Freeman, on her (plaintiff meaning) in the kitchen, thereby meaning and charging that said plaintiff had carnal intercourse with said John Freeman in the kitchen, defendant's kitchen, thereby charging, and intending to charge, and that it should be understood by those who heard the words, and it was so understood by those who were present and heard the said words, that said plaintiff was guilty of the crime of fornication."

Another set of words is charged as follows: "And you, John (meaning John Freeman), met her (plaintiff meaning) at the old house, and you (John meaning), knew she (plaintiff meaning) is nothing but a whoreing slut, thereby meaning that said John and said plaintiff had carnal intercourse at the old house, said old house being on John's farm, and thereby meaning that said plaintiff was a person of unchaste character and was guilty of the crime of fornication; and in the same conversation the said defendant uttered and published the following false, defamatory and slanderous words, to wit, that is to say, that she (plaintiff meaning) had been guilty of the same with David Wagoner, thereby meaning that said plaintiff had had carnal intercourse with said Wagoner, and that said plaintiff was a woman of unchaste character, and that she was guilty of the crime of fornication; and said plaintiff says that said words were used in a slanderous sense by Victoria Freeman; that she thereby meant and was understood by those who heard her to mean that the plaintiff was guilty of the act of having sexual intercourse, and meant to charge, and was so understood by those who heard her, that the plaintiff was guilty of fornication." It is further alleged in the complaint that various other sets of words of like character were spoken of and concerning the plaintiff by defendant.

The complaint is clearly sufficient, and the demurrer was properly overruled. *Branstetter* v. *Dorrough*, 81 Ind. 527.

When slanderous words are used, which, by proper inducement and innuendo, may be shown to have been used with

the intent to charge, and were understood by the persons who heard them to charge, a female with incest, fornication, adultery, or whoredom, they are actionable the same as if the person speaking the words had charged such female, in specific words, with being guilty of fornication or adultery.

The first cause for a new trial is that the court erred in allowing the witnesses to state their understanding of the words proved to have been spoken by the defendant. This was not error. *Prosser* v. *Callis*, 117 Ind. 105 ; *Burton* v. *Beasley*, 88 Ind. 401.

It is alleged, as a cause for a new trial, that the appellee was allowed to prove other slanderous words spoken by the appellant of and concerning the defendant, not alleged in the complaint. It is competent to prove the speaking of slanderous words at other times and places than alleged in the complaint, as tending to show malice and ill-will. *Casey* v. *Hulgan*, 118 Ind. 590.

It is also urged that the verdict is not supported by the evidence ; that the evidence does not prove the speaking of the words alleged in the complaint to have been spoken by defendant. We have read the evidence, and think it is sufficient to support the verdict. There is evidence to establish the speaking of some of the sets of words alleged in the exact language as charged in the complaint, and the evidence clearly shows the words spoken were intended to charge, and were understood as charging, the plaintiff with having sexual intercourse with John Freeman.

Objections are made to some of the instructions given by the court to the jury. We have examined the instructions, and do not deem them erroneous. If more specific instructions were desired, it was the duty of counsel to have requested the giving of such instructions as he wished to have given.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed April 10, 1890.