HINESLEY v. SHEETS.

[No. 2,333.    Filed December 10, 1897.]

SLANDER.—*Complaint.*—*Slanderous Words Charged.*—*Sufficiency.*—Where the words charged in a complaint for slander do not constitute a crime, and are not actionable *per se*, but the complaint avers that defendant meant and charged by the speaking of such words that plaintiff was guilty of the crime of larceny, and that plaintiff had feloniously taken, stolen, and carried away the goods and chattels of defendant, and that the persons so hearing such words understood defendant so to mean, such averments render the complaint sufficient. *pp. 612–615.*

APPEAL AND ERROR.—*Evidence.*—*Record.*—It must affirmatively appear from the record that the longhand manuscript of the evidence was filed in the clerk's office prior to its incorporation in the bill of exceptions. *p. 615.*

From the Benton Circuit Court. *Affirmed.*

*J. B. Milner* and *Bryan & Randolph,* for appellant.

*Owen E. Brumbaugh* and *Joseph Combs,* for appellee.

HENLEY, J.—This was an action for slander, brought by appellee against appellant. The complaint was in six paragraphs. There was a trial by jury, and a verdict and judgment in favor of appellee. Appellant's motion for a new trial was overruled. The assignment of error filed in this court questions the ruling of the lower court upon the sufficiency of each paragraph of

the complaint and the ruling on the motion for a new trial.

Appellant's counsel direct their argument to the first and third paragraphs of the complaint. These paragraphs are almost identical; they are so nearly alike that if one is good as against a demurrer, they are both good; if one is bad, they are both bad. The material part of the first paragraph of complaint is as follows: "That on or about the 14th day of July, 1894, the said defendant, in a certain discourse by him had in the presence and hearing of Charles Gerard and divers other persons, falsely and maliciously spoke and published of and concerning this plaintiff the following false, scandalous, defamatory, and slanderous words and language, that is to say: 'I know that Sheets (meaning plaintiff, who was then a tenant on a farm owned by defendant and had grown a crop of wheat thereon) took wheat that did not belong to him.' 'I know that Sheets (meaning plaintiff) has taken wheat that does not belong to him.' 'I saw the wagon go across the field again, and I know that Sheets (meaning plaintiff, who was then a tenant on defendant's land and had grown a crop of wheat thereon, and was at said time engaged in threshing said wheat) has took wheat that did not belong to him.' Then and there and thereby meaning and charging, and was understood by said Gerard and divers other persons then present to mean and charge that said plaintiff had feloniously stolen, taken, and hauled away of the personal goods and chattels of said defendant one load of wheat, and was guilty of the crime of larceny. Wherefore," etc.

The sufficiency of this complaint must be considered without reference to the evidence adduced upon the trial. We do not believe that the words charged are actionable per se. Appellee might have taken wheat

that did not belong to him without committing a crime; he might have taken it with the permission and consent of the owner, and the mere allegation of the words spoken as stated in the complaint without the *colloquium* and *innuendo* would be insufficient. In the complaint, however, it is distinctly averred that appellant meant and charged by the speaking of said words that appellee was guilty of the crime of larceny, and that appellee had feloniously taken, stolen, and carried away the goods and chattels the property of appellant, and that the persons so hearing the words, understood appellant so to mean. We think each paragraph of complaint in the cause was sufficient. In the case of *Harrison* v. *Manship*, 120 Ind. 43, relied upon in part by appellant, the words charged were as follows: "That he (meaning plaintiff) took and drove off his ducks and sold them; that he (meaning plaintiff) drove his (meaning defendant's) ducks off and sold them; that he (meaning plaintiff) drove his (meaning defendant's) ducks off and sold them, and if he (meaning plaintiff) was so mean as to drive his (meaning defendant's) ducks off and sell them that he (meaning plaintiff) could have them; that Allen C. Harrison drove his (meaning defendant's) ducks off and sold them; all of which charges were false and slanderous, whereby the plaintiff's character was brought into great and manifest and public scandal and disgrace, and he was damaged," etc. The question in this case, as here, came up on the sufficiency of the complaint, and Coffey, J., delivering the opinion of the court, said. "There is no *colloquium* or *innuendo* laid in this complaint. We have simply the words 'he drove off my ducks and sold them,' without any averment as to the circumstances under which the words were spoken, or as to the sense in which they were used, or as to how they were understood. The simple question,

therefore, for our determination is, do the words charged to have been spoken import the commission of a crime? We do not think they do. The verbs used are 'take,' drive,' and 'sell," all of which in their usual sense denote innocent action.

"Had the appellant averred any extrinsic facts tending to show the commission of a crime, and had in any manner, by averment, connected the speaking of the words charged in the complaint with the commission of such crime, no matter how defective such averments, the complaint would have been good after verdict; but here, as we have seen, there is a total absence of any averment that a crime had been committed."

We are of the opinion that the case cited and quoted from does not aid appellant, but is strongly against his contention.

The other alleged errors of the lower court arise out of the overruling of appellant's motion for a new trial, and depend for their solution upon the evidence. It is contended by counsel for appellee, that the evidence is not properly in the record. The longhand manuscript of the evidence was filed in the clerk's office upon the same day that the bill of exceptions was approved by the trial judge and filed in the clerk's office. It is nowhere made to affirmatively appear by the record that the longhand transcript of the evidence was filed in the clerk's office prior to its incorporation in the bill of exceptions. It is imperative that the record should so show. It is not enough that the record shows the filing to have been on the same day. *Manley* v. *Felty*, 146 Ind. 194; *Hamrick, Tr.*, v. *Loring*, 147 Ind. 229; *Rogers* v. *Eich*, 146 Ind. 235; *Marvin* v. *Sager*, 145 Ind. 261; *De Hart* v. *Board, etc.*, 143 Ind. 363; section 1476, Burns' R. S. 1894 (1410, Horner's R. S. 1896).

The above are but few of the large number of recent decisions upon this point of practice.

We find no error in the record for which the judgment should be reversed.   Judgment affirmed.