MARIA WEICHERDING v. JOHN KRUEGER.[1]

January 14, 1910.

Nos. 16,310—(140).

**Objection to Complaint After Verdict.**

An objection to a complaint for slander that it failed to name any particular person to whom the slanderous words were addressed, or who heard

[1]Reported in 124 N. W. 225.

the same, and the place where and the circumstances under which the slander was uttered, is waived, when not raised until after verdict rendered.

### Slander — Evidence — Error Without Prejudice.

Previous utterances of slanderous words may be introduced to show malice and to aggravate damages. Testimony concerning same, if improperly admitted, because uttered at too remote a time, was not prejudicial here, because the verdict rendered was not complained of as excessive.

### Refusal to Strike Out Evidence — Charge.

Plaintiff, unacquainted with the English language and with court proceedings, and examined through an interpreter, testified that the first time she ever heard what defendant was supposed to have said about her was when the case was tried in court for the first time. Defendant moved to strike out all evidence concerning injury to plaintiff's feelings, and requested the judge to instruct the jury that there could be no recovery for injury to feelings. It is *held* that her testimony must be construed as a whole in the light of all the circumstances, and that as so construed there was no error in refusing to strike out the testimony and to give the instructions.

Action in the district court for Brown County to recover $5,000 for slander. The second trial of the action was before Olsen, J., and a jury which rendered a verdict in favor of plaintiff for $400. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Somerville & Hauser*, for appellant.

*L. G. Davis*, for respondent.

JAGGARD, J.

The complaint of plaintiff and respondent charged: "That on or about the first day of May, 1907, in the town of Leavenworth, said county and state, the defendant, in the presence and hearing of divers good and worthy persons who understood the German language, falsely, wickedly, and maliciously spoke in said German language of and concerning the plaintiff, the following false and defamatory words, to wit: "Die Frau Weicherding ist dem Emil Krueger Seine Hure. Er hat sie beim Korn husking herunter geholt und er hat sie gehoerig eingerammelt. Wenn der Dominick nicht zu Hause ist, so nimmit er seinen Platz ein"—and which said words signified and were understood to mean in the English language:

"Mrs. Weicherding is Emil Krueger's whore. He got her in corn-husking time, and had sexual intercourse with her. When Dominick is not at home, Emil takes his place"—and said German words were so understood by the persons in whose presence and hearing they were so spoken. It further charged that defendant meant thereby that plaintiff had committed adultery and the like, and alleged consequent damages. This the defendant denied by his answer.

The case was tried by a jury, which returned a verdict on behalf of plaintiff for $400. Defendant moved for a new trial on various grounds, but not upon the ground of excessive verdict. The appeal was taken from the order denying defendant's motion for a new trial.

The first assignment of error is addressed to the failure of the complaint to name any particular persons to whom the slanderous words were spoken, or who heard the same, or the place where or the circumstances under which the slander was uttered. Whatever force there might have been in the contention made the basis of the motion, it is entirely clear that the objection made after verdict rendered was too late. Defendant waived the right to be advised as to the particular persons to whom the slanderous words had been published. Hamilton v. Lowery, 33 Ind. App. 184, 71 N. E. 54, was decided on a demurrer to a complaint.

The second assignment of error is that one of plaintiff's witnesses was permitted over defendant's objection to testify that nine years before the time in question the defendant had spoken to him slanderous words similar to those in the complaint concerning the plaintiff. This period of time was obviously remote. The question is, however, not whether it was error, but whether it was prejudicial error, to receive the testimony. If that evidence could not have been introduced to show custom, its cogency was so insignificant that it could not have been prejudicial. If introduced to show malice and to aggravate damages, then it was not prejudicial, because it was not here complained that the verdict was excessive.

Finally, defendant insists that according to plaintiff's own testimony the first time she had ever heard what it was defendant was supposed to have said concerning her was when the case was tried in

court for the first time.    Notwithstanding this, the court denied defendant's motion to strike out all evidence concerning the injury to her feelings resulting from the slander, and refused to grant defendant's request to instruct the jury that plaintiff could not recover damages for injury to her feelings, because there was no evidence that plaintiff knew anything about the slanderous words.

It is evident, from the mere statement of this contention, that the effect of the testimony of the plaintiff, who was not acquainted with the English language nor familiar with court proceedings, and who was examined through an interpreter, can only be determined by an examination of her testimony as a whole, and that this matter rested primarily in the discretion of the trial court.    An examination of the record has satisfied us that the trial court dealt correctly with the testimony.    Moreover, the sole effect of the error complained of would have been its tendency to produce an excessive verdict.    No complaint to that effect is made.    Conceding that the admission of the testimony was error, it was error without prejudice.

Affirmed.